UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

ROBERTO HALLEY,

    Plaintiff,

v.

FIRST-CITIZENS BANK & TRUST COMPANY,
A Foreign Profit Corporation,

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, FIRST-CITIZENS BANK & TRUST COMPANY, a foreign profit corporation ("First Citizens" or "Defendant"), by and through its undersigned counsel and as provided for in 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal and alleges:

### I.   INTRODUCTION

1.    First-Citizens has been named as a Defendant in a civil action that was commenced in the Circuit Court of the Eleventh Circuit in and for Miami-Dade County, Florida, which has been assigned Case number: 2021-019450-CA-01 and which is styled: Roberto Halley v. First-Citizens Bank & Trust Company.

2.    First-Citizens was served on September 13, 2021 by serving: CT Corporation, 1200 South Pine Island Road, Plantation, FL 33324.  True and correct copies of the Summonses, Complaint, and Civil Cover Sheet and the docket for the State Court action are attached hereto as **Composite Exhibit A**.  These documents constitute

all of the pleadings filed with the Miami-Dade County Circuit Court Clerk's office in the state court action.

3. Thirty (30) days have not yet expired since this action became removable to this Court. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4. The above-styled action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1441, in that it is: (i) a civil action wherein the matter in controversy exceeds $75,000.00, exclusive of interest and costs; and (ii) is between citizens of different states.

5. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of the Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, and simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

## II.   DIVERSITY JURISDICTION

Pursuant to 28 U.S.C. §§ 1332 and 1441, this Court has diversity jurisdiction over this action in that the parties are citizens of different states and the amount in controversy exceeds $75,000.00. The details in support of diversity jurisdiction are provided below.

**A.   Diversity of Citizenship Exists**

6. The above-styled action involves a controversy that is wholly between citizens of different states.

   a. Roberto Halley ("Plaintiff" or "Halley") is an individual residing in Miami-Dade County County, Florida. See Complaint, ¶ 2.

      b.     Plaintiff is, and was, a resident and citizen of the State of Florida. To establish the citizenship of Plaintiff, Defendant's counsel has reviewed the available public records of the State of Florida and has determined that Plaintiff (1) owns a homesteaded residential property located in Miami-Dade County, Florida and (2) is registered to vote in Florida. See Britton v. Scott, 1996 WL 608541 at *1 (S.D. Fla. 1996)(For purposes of diversity, an individual is considered to be a citizen of the state in which he or she is domiciled).

7.     First Citizens, is a North Carolina state chartered commercial bank which has its principal place of business and headquarters in North Carolina. See Declaration of Queena S. Green, ¶ 6, attached as **Exhibit B**. Accordingly, First Citizens is a citizen of the State of North Carolina. Wachovia v. Schmidt, 546 U.S. 303, 306 (2006)(State chartered banks are considered citizens of the state where they are incorporated and where they have their principal place of business.) Defendant is not a corporate citizen of Florida for purposes of 28 U.S.C. § 1332.

8.     Accordingly, diversity of citizenship existed between Plaintiff and Defendant at the time Plaintiff commenced this action in state court, and it continues to exist as of the time of filing this Notice of Removal.

**B.**     **The Amount in Controversy Exceeds the Statutory Threshold**

9.     Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction also requires that the amount in controversy "exceed the sum or value of $75,000.00."

10.     The amount in controversy requirement is clearly satisfied in this case because Plaintiff's purported damages, exclusive of interest and costs, exceeds the

$75,000.00 threshold.  More specifically, in his Complaint, Plaintiff alleges that he is entitled to damages that includes but is not limited to:  "back pay, benefits' adjustment, and prejudgment interest," "compensatory damages for mental anguish, personal suffering, and the loss of enjoyment of life," "front pay with full benefits in lieu of reinstatement," "costs of this action, together with reasonable attorneys' fees."  See Complaint.

11.     The Florida Civil Rights Act ("FCRA"), which Plaintiff has sued under, authorizes courts to award back pay, front pay, punitive damages, "compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries;" other "affirmative relief from the effects of the [discriminatory] practice;" and "reasonable attorney's fees and costs to the prevailing party."  FLA. STAT. § 760.11.

12.     Plaintiff does not provide details in his Complaint regarding the amount of damages that he seeks beyond the required jurisdictional minimum of $30,000.00.  See Complaint.

13.     In the Eleventh Circuit, where a plaintiff has made an unspecified demand for damages, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement ($75,000.00).  See Tapscott v. MS Dealer Service Corp., 77 F.3d 1356-57 (11th Cir. 1996), citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)); 28 U.S.C. §§ 1332 and 1441.  This is a "relatively low burden."  Fuller v. Exxon Corp., 78 F. Supp. 2d 1289, 1297 (S.D. Ala. (1999).  Where the

jurisdictional amount is not facially apparent from the Complaint, the Court may consider facts set forth in the removal petition.  See Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000).

14. Furthermore, when a plaintiff's damages are unspecified, "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010).  Courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.  Id. at 1062.

15. Plaintiff alleges that he was separated from employment with First Citizens as of September 8, 2020.  See Complaint, ¶ 26.  At the time Plaintiff was separated from employment with First Citizens, he was earning $54,564.43 per year in salary not including additional earnings such as overtime.  See **Exhibit B** at ¶ 3.  Plaintiff had received a total of $44,571.96 in compensation, inclusive of holiday pay, overtime pay, etc., at the time of his separation on September 8, 2020.  Id. at ¶ 4.

16. As indicated above, potential damages under the Florida Civil Rights Act may include lost wages or "back pay."  In calculating potential damages for jurisdictional purposes, it is proper to calculate the figure through the trial date.  See Booker v. Doyon Security Services, LLC, 2017 WL 5202682 at * 2 (S.D. Fla., Jan. 20, 2017)(Noting that federal district courts in Florida consider back pay awards under the FCRA when evaluating the amount in controversy for a removal action.); Messina v. Chanel, Inc.,

2011 WL 2610521 at *2 (S.D. Fla. Jul. 1, 2011)(Court ruled it was appropriate to calculate lost wages from time of termination through trial date in examining the amount in controversy for diversity jurisdiction.); see also Cashman v. Host Int'l, Inc., 2010 WL 4659399 *4 (M.D. Fla. Nov. 9, 2010)(Noting that "[c]onsideration of the additional back pay amount from the date of removal to the date of trial, based on a conservative estimate of the trial date, is not impermissible speculation"); Destefano v. Home Shopping Network, Inc., 2006 WL 539542 * 1 (M.D. Fla. 2006)(Annual salary from date of termination through trial established jurisdictional minimum).

17. A reasonable estimate of a trial date would be approximately one year from the date of removal (i.e., October 2022). Thus, from the date of Plaintiff's September 8, 2020 separation through an estimated trial date of September 2022 (a period of 139 weeks), Plaintiff has potential unmitigated lost back pay of $177,725.00, without any accounting for potential front pay, non-monetary fringe benefits, compensatory damages, or attorney's fees. See **Exhibit B**.

18. As noted above, Plaintiff also seeks to recover front pay. Front pay must also be considered in assessing the amount in controversy. See Brown v. Cunningham Lindsey U.S., Inc., 2005 WL 1126670 at *5 (M.D. Fla. May 11, 2005)(Crediting one year of back pay plus one year of front pay, as a conservative measure of potential lost wages in a wrongful termination case); see also Booker, 2017 WL 5202682 at *3 (Potential front pay of one year may also be considered for amount in controversy purposes.) Based on Plaintiff's compensation at the time of termination, one year of front pay is the

6

equivalent of approximately $54,500.00.  Thus, in lost wages alone (i.e., back pay and front pay), Plaintiff's claims exceed the minimum amount in controversy.

19. Plaintiff has also sought damages in the form of benefits that he would have received.  As of his separation date, on September 8, 2020, Plaintiff had earned a total in $13,813.23 in employer paid benefits.  See **Exhibit B** at ¶ 5.  Accordingly, while it is not clear for what time period Plaintiff seeks benefits as part of his alleged damages, assuming Plaintiff seeks at least a year of lost benefits, that total comes to an additional $19,952.11 in damages.  Id.

20. As noted above, Plaintiff also seeks to recover compensatory damages.  Plaintiff's compensatory damages may include a variety of intangible, non-economic losses that potentially exceed the jurisdictional minimum.  See generally, Bartley v. Starwood Hotel & Resorts Worldwide, Inc., 2007 WL 2774250 (S.D. Fla. 2007)(General allegations of pain, mental anguish, loss of enjoyment of life, medical expenses, etc. sufficient to put defendant on notice that jurisdictional minimum was satisfied).  Even "garden-variety" compensatory damages in employment discrimination cases may significantly increase the amount in controversy.  Brown v. Cunningham Lindsey, 2005 WL 1126670, *5 (M.D. Fla. May 11, 2005) citing Munoz v. Oceanside Resorts, Inc., 223 F.3d 1340, 1348-49 (11th Cir. 2000).

21. As also noted above, Plaintiff further alleges that Defendant is liable for his attorney's fees.  Therefore, a reasonable estimate of such fees is included in assessing the amount in controversy.  See Morrison v. Allstate Indem. Co., 228 F.3d 1255 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable

amount of those fees is included in the amount in controversy"). The Court can take judicial notice that attorney's fees sought in similar employment termination cases in the Southern District of Florida routinely approach or exceed the $75,000.00 threshold. See Alshakanbeh v. Food Lion, LLC, 2007 WL 917354, *2 (M.D. Fla. Mar. 23, 2007) (Estimate of $40,000 for attorney's fees in Jacksonville employment discrimination case was "conservative"). Given the scope of Plaintiff's allegations, "garden variety" attorney's fees of $20-40,000[1] are a conservative estimate of this potential component of the amount in controversy in this case.

22.   Considering the cumulative value of Plaintiff's potential claims for back pay, front pay, compensatory damages, and attorney's fees, Plaintiff's discrimination claims, though vigorously contested by Defendant, will more likely than not involve an amount in controversy in excess of $75,000.00, exclusive of interests and costs. In fact, Plaintiff's damages, limited to back pay and front pay, clearly satisfies the amount in controversy in this matter standing alone.

WHEREFORE, Defendant, First Citizens, respectfully prays that the above described action, now pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case Number: 2021-019450-CA-01 be removed to the United States District Court for the Southern District of Florida and Division within which the above-described action is pending.

---

[1] Counsel for Defendant was unable to locate any attorneys' fees awards for Mr. Hoogerwoerd in this District, however in Matiano v. 5th Ave. Tree Experts, Inc. a senior associate in Mr. Hoogerwoerd's firm was awarded $300 an hour for a Fair Labor Standards Act matter.

FOX ROTHSCHILD LLP
777 South Flagler Drive
Suite 1700 West Tower
West Palm Beach, Florida 33401
Telephone: (561) 835-9600
Facsimile: (561) 835-9602

By: */s/Dori K. Stibolt*
    Dori K. Stibolt
    Florida Bar No. 183611
    dstibolt@foxrothschild.com

*Attorneys for Defendant First Citizens Bank and Trust Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th of October, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the manner specified, either via transmission of Notices of Electronic Filing and/or generated by CM/ECF upon Peter M. Hoogerwoerd, Cristobal Bobadilla-Gamboa, Remer & Georges-Pierre, PLLC, 44 West Flagler Street, Suite 2200, Miami, Fl 33130; pmh@rgpattorneys.com; cbg@rgpattorneys.com.

By: */s/ Dori K. Stibolt*
    Dori K. Stibolt