**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Roberto Halley</u>
Plaintiff

Case # _____
Judge  _____

vs.
<u>First-Citizens Bank & Trust Company</u>
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

**III.   TYPE OF CASE**   (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

COMPOSITE EXHIBIT "A"

- 1 -

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation


**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.	REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.	NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  3

**VI.	IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.	HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.
No

**VIII.	IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Peter M Hoogerwoerd			Fla. Bar # 188239
    Attorney or party						(Bar # if attorney)

Peter M Hoogerwoerd				08/19/2021
(type or print name)				Date

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

**ROBERTO HALLEY,**

    Plaintiff,

v.                                             Case No.

**FIRST-CITIZENS BANK & TRUST COMPANY,**
a Foreign Profit Corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, **ROBERTO HALLEY** ("Plaintiff"), by and through the undersigned counsel, hereby sues **FIRST-CITIZENS BANK & TRUST COMPANY** ("Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA"), to redress injuries resulting from Defendant's unlawful, disability and age based discriminatory treatment against Plaintiff.

2. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami-Dade County Florida, within the jurisdiction of this Honorable Court.

3. Plaintiff was employed by FIRST-CITIZENS BANK & TRUST COMPANY having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

1

4. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

5. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6. Defendant was a "person" and/or an "employer" pursuant to the FCRA since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute and the FCRA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FCRA is subject to the employment discrimination provisions of the applicable statutes.

8. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

9. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff worked for Defendant on or about December 2006, until on or about September 8, 2020. Plaintiff rose to the position of Vice President of the Bank, but approximately a year and a half ago he was demoted to Financial Services Representative.

11. Throughout Plaintiff's employment, Plaintiff has always performed the essential functions of his job duties and responsibilities in an exemplary fashion and in satisfactory and above satisfactory levels.

12. Plaintiff is an individual over the age of forty years old (40) and, thus, falls within the class of individuals protected by the FCRA.

2

13. Plaintiff suffers from visual disability. He was diagnosed approximately seven years ago. Specifically, Plaintiff has macular degeneration, whose treatment requires that he receive injections in the eye. Plaintiff also has glaucoma, which is a disease whose effects can be contained, but damage to the eye glaucoma already inflicted cannot be reversed. In order to prevent further disintegration, the Plaintiff underwent surgery in August 2020. During the same surgery, the Plaintiff was also treated for cataracts in both eyes.

14. Plaintiff informed Defendant of his visual issues in 2014. At this point in his vision, Plaintiff was able to read emails in normal font.

15. In spite of the Plaintiff's relatively normal vision at the beginning of his diagnosis, bank executive Vice President Ana Dominguez sent plaintiff a humiliating email. The text of the email was in size 65 font and it insultingly referred to Plaintiff as "Mr. Magoo." Nanny Lorenzo, a manager, was copied onto this email.

16. Plaintiff was able to read email properly until his fourth surgery in 2018. Since 2018, Plaintiff's conditioned worsened, but he always found a way around any impediment. For example, he used sharpies to take notes.

17. Prior to Plaintiff's demotion on or about March 1, 2019, he was a Vice President with a portfolio of 20-21 million dollars and was equivalent to another officer at the branch and had great retention. At other branches there were people with much less.

18. On or about March 1, 2019, the Plaintiff was demoted and given a lesser title and position. Plaintiff was told the position was being made just for him and the he would be terminated if he did not accept. Plaintiff's employment status was also changed from exempt to non-exempt. Plaintiff was also asked to move out of his office, which was given to an employee that had worked for the bank for a mere two years.

19. As part of his new position, Plaintiff was given a portfolio in the Doral Branch that was supposedly less than that of the Vice Presidents. However, his workload was greater than the others except for Julie Suarez, the Branch Manager. In his new position, Plaintiff's level of responsibility never diminished and in fact more duties were added to his workload.

20. On or about April 2, 2019, Biscayne Bank, Plaintiff's original employer, merged with First-Citizens Bank & Trust Company. Prior to the merger, the new Vice President did his due diligence and had conversations with all the employees; therefore, First Bank was aware of Plaintiff's disability. The other Vice Presidents were not moved down in the hierarchy in the months immediately before or after the merger.

21. After the merger, an Americans with Disabilities Act (ADA) Coordinator was installed. Plaintiff was not provided with anything to accommodate his disability by the ADA Coordinator. Plaintiff did receive a large (27 inches) screen for his computer the last year of his employment, but this screen was provided only after he asked the company IT specialist for it.

22. Defendant was informed of Plaintiff's condition because Plaintiff's bosses would reach out to him and ask how he was doing. In this way, everyone knew about Plaintiff's condition.

23. As part of his new position, Plaintiff was given a portfolio in the Doral Branch that was supposedly less than that of the Vice Presidents. However, his workload was greater than the others except for Julie Suarez, the Branch Manager.

24. Prior to Plaintiff's glaucoma and cataract surgery in August 2020, he used larger font and magnifying glasses for work. The surgery gave the plaintiff new lenses and improved his vision. After the surgery, he no longer required magnifying glasses for work.

25. During his employment, Plaintiff was a productive worker who did not wander the hall being disruptive. In fact, Plaintiff was working for two significant loans for the Defendant during his last two weeks.

26. On or about September 8, 2020, Plaintiff was terminated from his job. In two months from September 2020, he would have been employed at the company for 14 years.

27. On or about September 16, 2020, Ron Sanchez, executive VP who reports to the CEO, sends Plaintiff an email giving reasons for the termination. In the email, Plaintiff's position is given as VSR, which is surprise for the Plaintiff because it was the first time, he is called that. The email emphasizes that the bank is unable to service the Venezuelan clientele the Plaintiff pulled; however, only a small portion of Plaintiff's clients were Venezuelan. Also, Venezuelan clients were not the main source of income that were being brought in by Plaintiff's accounts.

28. Indeed, this was merely an attempt to fabricate a justification to discharge Plaintiff. In reality, Plaintiff was discharged due to discrimination based on age and disability or perceived disability

29. Defendant's reason(s) for terminating Plaintiff is a mere pretext for unlawful discrimination.

30. Plaintiff always performed his essential job functions in an exemplary fashion.

31. Plaintiff was terminated due to his disability and his age.

32. Plaintiff also contests the severance he was offered. Defendant offered Plaintiff 13 weeks of years of service, but the Defendant did not pay at 2x a salary as VP, but only 1x as nonexempt, which would be 26 weeks making it 26K instead of the 13K Plaintiff was offered. These facts led the Plaintiff to not sign the severance package.

### COUNT I
*Disability Discrimination in Violation of the FCRA*
*against FIRST-CITIZENS BANK & TRUST COMPANY*

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 above as if set out in full herein.

34. Plaintiff has a physical disability that substantially limits one or more major life activities and is thus a member of a protected class under the FCRA.

35. Plaintiff was regarded as having a disability by Defendant and Defendant's agents.

36. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

37. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has visual diseases.

38. Plaintiff can and did perform the essential functions of his job with or without reasonable accommodation.

39. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

40. Defendant's discriminatory conduct was directly related to and because of Plaintiff's disability.

41. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

42. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

43. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

44. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

45. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

46. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully,

intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT II
*Age Discrimination in Violation of the FCRA*
*against FIRST-CITIZENS BANK & TRUST COMPANY*

47. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-32 above as if set out in full herein.

48. Plaintiff is a member of a protected class under the FCRA, to wit Plaintiff is over forty (40) years of age.

49. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

50. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

51. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's

8

protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

52. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

53. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

54. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

55. Defendant's bases for the adverse conduct against Plaintiff, if any, are pretextual and illegitimate, asserted only to cloak the discriminatory nature of their conduct.

56. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

57. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

58. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable

damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
*Failure to Accommodate in Violation of the*
*Florida Civil Rights Act*

59. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-32 above as if set out in full herein.

60. Plaintiff is disabled as he suffers from macular degeneration, glaucoma, and cataracts which are impairments which substantially modifies one or more major life activities; to wit: vision.

10

61. Plaintiff is, and at all times was, qualified to perform the essential functions of his job as a Vice President with or without a proposed reasonable accommodation.

62. Plaintiff is a handicapped individual and therefore covered by the Florida Civil Rights Act.

63. Defendant interfered or failed to provide Plaintiff with a reasonable accommodation. Plaintiff's request was reasonable and would not have caused Defendant undue hardship.

64. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: August 19, 2021                             Respectfully submitted,

/s/:*Peter M. Hoogerwoed*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
Cristobal Bobadilla-Gamboa
Fla. Bar. No. 113656
cbg@rgpattorneys.com
***Remer & Georges-Pierre, PLLC***
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA.

CASE NO. 2021-019450-CA-01

ROBERTO HALLEY,

 Plaintiff,

vs.

FIRST-CITIZENS BANK & TRUST COMPANY,
a Foreign Profit Corporation,

 Defendant.
_____/

### SUMMONS IN A CIVIL CASE

**TO: FIRST-CITIZENS BANK & TRUST COMPANY**, through its Registered Agent:

 C T CORPORATION SYSTEM
 1200 SOUTH PINE ISLAND ROAD
 PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

 PETER HOOGERWOERD, ESQ.
 REMER & GEORGES-PIERRE, PLLC.
 44 WEST FLAGLER STREET
 SUITE 2200
 MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts
CLERK  217043

(BY) DEPUTY CLERK

8/19/2021
DATE



 **CT Corporation**

**Service of Process Transmittal**
09/13/2021
CT Log Number 540228192

| | |
|---|---|
| **TO:** | Heather Adams<br>First-Citizens Bank & Trust Company<br>4300 Six Forks Rd, First Citizens Center<br>Raleigh, NC 27609-5718 |
| **RE:** | **Process Served in Florida** |
| **FOR:** | First Citizens Bank  (Assumed Name)  (Domestic State: NC)<br>First-Citizens Bank & Trust Company (True Name) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ROBERTO HALLEY vs. FIRST-CITIZENS BANK & TRUST COMPANY<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2021019450CA01 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/13/2021 at 03:00 |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/13/2021, Expected Purge Date: 09/18/2021<br><br>Image SOP<br><br>Email Notification,  Gus Schmidt  gus.schmidt@firstcitizens.com<br><br>Email Notification,  Marshella Baker  marshella.baker@firstcitizens.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / RK

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO. 2021-019450-CA-01

ROBERTO HALLEY,

    Plaintiff,

vs.

FIRST-CITIZENS BANK & TRUST COMPANY,
a Foreign Profit Corporation,

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO: FIRST-CITIZENS BANK & TRUST COMPANY**, through its Registered Agent:

    C T CORPORATION SYSTEM
    1200 SOUTH PINE ISLAND ROAD
    PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

| | |
|---|---|
| Harvey Ruvin,<br>Clerk of Courts<br>CLERK    217043<br>_Jason Bethel_____<br>(BY) DEPUTY CLERK | 8/19/2021<br>_____<br>DATE |

