UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  CASE NO: 1:21-CV-23599-DPG

ROBERTO HALLEY,

    Plaintiff,

v.

FIRST-CITIZENS BANK & TRUST COMPANY,
A Foreign Profit Corporation,

    Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and S.D. Local Rule 7.1, Defendant, First Citizens Bank & Trust Company ("First Citizens" or "Defendant"), by and through undersigned counsel, files this motion to dismiss directed to Plaintiff Roberto Halley's ("Halley" or "Plaintiff") Second Amended Complaint.

## I. INTRODUCTION

Plaintiff Halley purports to bring claims against First Citizens for disability discrimination/harassment[1] pursuant to the Florida's Civil Rights Act ("FCRA") and the Americans with Disabilities Act ("ADA") as well as a claim for failure to accommodate his alleged disability.

---

[1] Plaintiff sought leave to amend his Amended Complaint to remove his claims based on age discrimination after recognizing that he had failed to exhaust the administrative prerequisite for bringing these claims. See D.E. # 26. This Court granted Plaintiff's Motion for Leave to Amend. See D.E. # 29. Accordingly, Plaintiff has abandoned all claims related to age discrimination or harassment based on age and First Citizens assumes that any reference to age that remained in Plaintiff's Second Amended Complaint, see paragraph 43, are inadvertent cut and paste type errors.

127500029.4

1

Plaintiff's Second Amended Complaint ("Complaint" or "Compl.") alleges that he was subjected to harassment and discrimination related to his macular degeneration and his glaucoma at Biscayne Bank.  See Compl. ¶¶ 13, 14, 20, 25, 26, 27.  Plaintiff further claims that he was demoted by Biscayne Bank on or about March 1, 2019 and he claims he was demoted due to his alleged visual impairment.  Id. at ¶¶ 18, 19.  After Biscayne Bank merged with First Citizens, Plaintiff was eventually separated, and Plaintiff claims that the separation was due to his alleged disability.  Id. at ¶ 20, 36 -43.

Plaintiff's Second Amended Complaint should be dismissed by this Court because Plaintiff has failed to:  (1) fulfill the administrative prerequisites for his ADA/FCRA claims and (2) some or all of his claims are barred by the applicable statute of limitations.

## I.   STATEMENT OF BACKGROUND FACTS

1. Plaintiff began working for Biscayne Bank ("Biscayne") in December 2006.  His initial job title with Biscayne was Vice President and he was paid on a salary basis.

2. Although Plaintiff's Second Amended Complaint is focused on an alleged 2019 demotion, the allegations set forth in his Complaint are not accurate and, in fact, contradict Plaintiff's Charge of Discrimination.  See Charge of Discrimination, attached as Exhibit A.

3. Rather, Plaintiff was demoted by Biscayne, effective **July 10, 2018**, when his position changed from "Relationship Manager" to "Senior Relationship Support," and his annual salary was reduced from $86,200 to $50,000 due to Plaintiff's failure to meet his well-established production goals with Biscayne.  See Compl. ¶¶ 10, 18.

4. In March 2019, Plaintiff's position with Biscayne was simply reclassified as non-exempt under the Fair Labor Standards Act ("FLSA"); however, Plaintiff remained in the same "Senior Relationship Support" position.

5. Plaintiff remained in the Senior Relationship Support position until April 1, 2019, which was the effective date of First Citizens' acquisition/merger of Biscayne. At that time, Plaintiff was the only employee at Biscayne, in the Miami area, who was in the "Senior Relationship Support" position. Following the acquisition, First Citizens converted Plaintiff's position to the title of "Business Services Representative[2]." See Compl. ¶¶ 10, 18. Otherwise, First Citizens maintained Plaintiff's salary and duties and even offered him a retention bonus to incentivize his continued employment during the transition period following the acquisition of Biscayne.

6. First Citizens completed its acquisition of Biscayne on April 1, 2019. Accordingly, as is natural after any business acquisition, it is to be expected that there would be some restructuring of staffing models. First Citizens' acquisition of Biscayne was no exception to this rule.

7. At the time of Plaintiff's separation from First Citizens, he was the only Business Service Representative ("BSR") employed with First Citizens in the entire Miami market. First Citizens initially maintained this role following the acquisition of Biscayne in order to facilitate the transition of business and continuity of services; however, the BSR position was not a particularly good fit in the Miami market under First Citizens' staffing model (demonstrated by the fact that it was the only position of its kind). Additionally, Plaintiff had traditionally served the Venezuelan market – a market which First Citizens decided to exit due to risks of doing business in Venezuela – which made the case for eliminating Plaintiff's position that much stronger.

---

[2] Plaintiff misidentifies his title at First Citizens as Financial Services Representative in his Second Amended Complaint.

8. Accordingly, Plaintiff's BSR position was eliminated. As noted above, Plaintiff was the only BSR in the Miami market at the time of his separation and First Citizens has not hired for a BSR position since Plaintiff's separation and, therefore, Plaintiff was not replaced by any other employee. Plaintiff's position was eliminated on September 8, 2020.

## II. MEMORANDUM OF LAW

### A. Standard Of Review.

A court should dismiss a complaint for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." Hood v. Perdue, 540 F. Supp. 2d 1350, 1356 (11th Cir. 2008) (citations omitted). While a complaint's factual allegations are presumed true and all reasonable factual inferences must be construed in plaintiff's favor, a court need not accept inferences drawn by plaintiff which are unsupported by the facts set out in the complaint Id. (citations omitted). Neither is the Court required to credit "conclusory allegations and unwarranted deductions of fact." South Florida Water Management Dist. v. Montalvo, 84 F.3d 402, 409 n.10 (11th Cir.1996). Mere "[c]onclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts" without more are legally insufficient to survive a 12(b)(6) motion to dismiss. Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1262 (11th Cir. 2004). Instead, a complaint must "allege some *specific* factual bases for those conclusions" to avoid dismissal. Id. at 1263 (emphasis added)

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the United States Supreme Court clarified the standard for determining whether a complaint is legally sufficient to state a claim. Prior to Twombly, lower courts had traditionally refused to dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." Twombly has rejected that standard stating that the "no set of facts" language "has earned its retirement" and "is best forgotten." Twombly, 127 S. Ct. at 1968-69; see also Iqbal v. Hasty, 490 F.3d 143, 155 (3d Cir. 2007); Friedlander v. Weintraub, 2008 WL 113681, *1 (S.D. Fla. Jan. 8, 2008). The Twombly Court clarified that while *detailed* factual allegations still are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions," and that "a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964. Rather, to survive a Rule 12(b)(6) motion, a complaint's factual allegations must be sufficiently specific "to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965.

**B.    Plaintiff's Disability Claims Related to His 2019 Demotion are Time Barred and Plaintiff Failed to Exhaust His Administrative Prerequisites.**

Plaintiff's demotion based claims are subject to dismissal because he *clearly* failed to exhaust his administrative remedies. A Plaintiff raising claims under Title I of the ADA must comply with the same procedural requirements articulated in Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 12117(a) (incorporating the procedures set forth in 42 U.S.C. § 2000e–5). As such, before filing suit in district court, the plaintiff must first file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e–5(e)(1); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001).

As explained above, the law requires that a plaintiff exhaust certain administrative remedies, which begins by filing a timely charge of discrimination with the EEOC/FCHR, before filing a suit for employment discrimination. "For a charge to be timely in a deferral state like Florida, it must be filed within 300 days of the last discriminatory act." Brooks v. CSX Transp., Inc., 555 F. App'x 878, 880 (11th Cir. 2014)(Holding that all of plaintiff's ADEA and Title VII failure-to-promote claims were time-barred where she filed her EEOC charge more

than 300 days after the promotion denials). "An ADA plaintiff must exhaust administrative remedies by filing a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice." Cotton v. Martin Cty., 306 F. Supp. 2d 1182, 1185 (S.D. Fla. 2004). "A claim is time barred if it is not filed within these time limits." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002)(Holding that only discrete acts of discrimination that occurred within 300 days of the date that the plaintiff filed his charge with the EEOC were actionable); Williams, 2017 WL 11405030 at *7-8 (Plaintiff failed to timely file failure to promote discrimination claims with the EEOC and therefore failed to exhaust his administrative requirements related to those claims.)

Courts have long recognized that demotions are discrete acts, starting the clock on the 300-day charge-filing period. See Perry v. S. Wine & Spirits of Am., Inc., 2012 WL 12897391 *3 (M.D. Fla. Mar. 5, 2012)("For discrete acts, such as termination or a suspension, the act occurred on the day that it happened. A party therefore must file a charge within . . . 300 days of the date of the act or lose the ability to recover for it.")(aff'd, 511 F. App'x 888 (11th Cir 2013)); Restrepo v. Int'l Vapor Group, Inc., 2017 WL 2361942, at *4 (S.D. Fla. May 26, 2017)(Discrete discriminatory acts, such as demotion, cannot form the basis of a continuing violation); Schober v. Town of Fort Myers Beach, 2014 WL 6469881, at *5 (M.D. Fla. Nov. 17, 2014)(Holding that plaintiff's allegation that defendant demoted her was untimelybecause it was a discrete act that allegedly occurred prior to the applicable statutory period); Green v. Office of the Sheriff's Office, 2002 WL 35630102, at *3 (M.D. Fla. Nov. 4, 2002)(Finding defendant's suspension of plaintiff without pay was a discrete act).

In this matter Plaintiff filed his Charge on December 15, 2020. See Exhibit A. Thus, any claims relating to allegedly unlawful employment practices that occurred more than 300

days prior to December 16, 2020 (*i.e.*, prior to February 18, 2020) are time-barred.  Plaintiff's Second Amended Complaint includes an allegation that he was demoted on or about March 1, 2019.  See Compl. ¶ 18.  Notwithstanding the inaccuracies in Plaintiff's Second Amended Complaint, the demotion he complains about in his Second Amended Complaint occurred more than 10 months (based on Plaintiff's own allegations) prior to the cutoff date to assert such a claim.  Therefore, any claims stemming from Plaintiff's alleged March 1, 2019 demotion are time barred and therefore Plaintiff has failed to satisfy the administration prerequisites required for these demotion claims.  As such, Plaintiff's Second Amended Complaint must be dismissed.

WHEREFORE, Defendant, First-Citizens, for the foregoing reasons, respectfully requests that this Court enter an Order dismissing Plaintiff's claims against First Citizen and granting such other and further relief as is just and proper.

FOX ROTHSCHILD LLP
777 South Flagler Drive
Suite 1700 West Tower
West Palm Beach, Florida 33401
Telephone: (561) 835-9600
Facsimile: (561) 835-9602

By: */s/Dori K. Stibolt*
    Dori K. Stibolt
    Florida Bar No. 183611
    dstibolt@foxrothschild.com

*Attorney for Defendant First Citizens Bank and Trust Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of April, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF

or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Dori K. Stibolt*
Dori K. Stibolt

**SERVICE LIST**
**CASE NO: 1:21-CV-23599-DPG**

| Peter M. Hoogerwoerd<br>pmh@rgpattorneys.com<br>Cristobal Bobadilla-Gamboa,<br>cbg@rgpattorneys.com<br>Remer & Georges-Pierre, PLLC<br>44 West Flagler Street<br>Suite 2200<br>Miami, Fl 33130<br>Tel:  305-416-5000<br>Fax: 305-416-5005<br><br>*Attorney for Plaintiff, Roberto Halley* | Dori K. Stibolt<br>dstibolt@foxrothschild.com<br>FOX ROTHSCHILD LLP<br>777 South Flagler Drive<br>Suite 1700 West Tower<br>West Palm Beach, FL 33401<br>Tel:  561-835-9600<br>Fax:  561-835-9602<br><br>*Attorney for Defendant First-Citizens Bank & Trust Company* |